IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID O. OWINO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:12-CV-1041 |
| | ) | |
| IBM CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on Defendants' uncontested motion to file settlement agreements under seal, (Doc. 28), and a joint motion to approve settlement agreements. (Doc. 30.) The Court finds that the parties have not met their burden to establish that the settlement agreement should be sealed and denies the motion to seal. The motion to approve the settlement will be denied without prejudice; the parties may seek court approval again, if they decide to proceed with the settlement in view of the Court's ruling on the motion to seal.

Plaintiffs filed their complaint alleging violations of the Fair Labor Standards Act in September 2012. The parties settled the case at a mediated settlement conference. The settlement agreements include confidentiality provisions, and Defendants seek to file those agreements under seal.

"The general rule is that the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). "The public's right of access to judicial records and documents may be abrogated only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). This does not mean, however, that all documents filed with a court must always be made public. As the *Stone* court explained:

> The common law presumes a right to inspect and copy judicial records and
> documents. The common law presumption of access may be overcome if
> competing interests outweigh the interest in access, and a court's denial of access
> is reviewable only for abuse of discretion.
>
> Where the First Amendment guarantees access, on the other hand, access
> may be denied only on the basis of a compelling governmental interest, and only
> if the denial is narrowly tailored to serve that interest.

*Stone*, 855 F.2d at 180 (internal citations omitted). Before granting a motion to seal, a court must determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Id.*

Some courts have found that motions to seal settlements in FLSA cases are governed by the common-law right of access to the courts. *See, e.g.*, *Boone v. City of Suffolk,* 79 F. Supp. 2d 603, 609 (E.D. Va. 1999). Other courts have applied the higher standard imposed under the First Amendment. *See, e.g.*, *In re Dollar Gen. Stores FLSA Litig.,* Nos. 5:09-MD-1500, 4:09-CV-57-BR, 4:09-CV-58-BR, 2011 U.S. Dist. LEXIS 95016, at *4 (E.D.N.C. Aug. 24, 2011).

The Court need not decide whether settlement agreements in FLSA cases are governed by a stricter First Amendment right of access because the parties have not met the burden required under the common-law standard. Courts in recent years have been virtually unanimous in finding that settlements under the FLSA should not be sealed in the ordinary course. *See, e.g.*, *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646-47 (S.D.N.Y. 2011) (collecting cases).

"Parties are typically permitted, and often encouraged, to reach private settlements." *Baker v. Dolgencorp, Inc.*, 818 F. Supp. 2d 940, 942 (E.D. Va. 2011). Settlements of FLSA cases are different, however, because those cases cannot be settled without a court finding that the settlement is fair and reasonable. *See, e.g.*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

The statutory requirement for court approval reflects an interest in transparency in these cases. A settlement agreement requiring court approval is a judicial record, which the common law presumes to be a public document. *See Jessup*, 277 F.3d at 928-29; *Boone*, 79 F. Supp. 2d at 609. This presumption is particularly strong for FLSA settlements. *See Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003). As a district court in this circuit recently noted:

> Given the unmistakably remedial public policy underlying the FLSA, and considering the statute's prohibition of a private waiver of these statutory rights and requirement that any such waiver be supervised, the public's right of access to judicial records and documents applies with particular force to settlement agreements in FLSA wage settlement cases.

*Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1655962, at *5 (W.D. Va. Apr. 23, 2010); *accord Parrish v. Defender Sec. Co.*, No. 3:10-CV-2604-D, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013); *Chapman-Green v. Icahn House W. LLC*, No. 11 Civ. 1190(MHD), 2013 WL 474352, at *1 (S.D.N.Y. Jan. 24, 2013); *Bryant v. Lab. Corp. of Am. Holdings*, No. 2:11-CV-00604, 2012 WL 2827348, at *1 (S.D.W. Va. July 10, 2012); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 340 (S.D.N.Y. 2012); *Prescott v. Prudential Ins. Co. of Am.*, No. 2:09-CV-00322-DBH, 2011 WL 6662288, at *1 (D. Me. Dec. 20, 2011); *Browne v. The Pantry, Inc.*, No. 1:11-CV-587, 2011 WL 5119263, at *2 (M.D.N.C. Oct. 28, 2011); *Tabor v. Fox*, No. 5:09-CV-338-BR, 2010 WL 2509907, at *2 (E.D.N.C. June 17, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (recognizing that an FLSA settlement cannot be "wholly private").

In support of the motion, Defendants note the motion is not opposed and cite a general public interest in encouraging settlements and the parties' privacy interests. General interests in

promoting settlements and privacy are insufficient to outweigh the strong interest in transparency in FLSA cases. The parties' own agreement has routinely been held to be insufficient to overcome the presumption of public access, even under the lower common-law standard. *See, e.g., Baker*, 818 F. Supp. 2d at 944; *Poulin*, 2010 WL 1655962, at *3; *see generally, Cochran v. Volvo Group North America, LLC*, __ F.Supp.2d__, 2013 WL 784502 at *4 (M.D.N.C. 2013). The parties have cited no FLSA case which supports their position,[1] and the cases the Court has located that allow FLSA settlements to remain sealed either do so without discussion or involve agreements containing detailed business information that is ordinarily kept confidential. *See, e.g., In re Dollar Gen. Stores,* 2011 U.S. Dist. LEXIS 95016, at *5-*7. That is not the case here.

The defendants have not met their burden to establish good cause to file the settlement agreements under seal. The Court concludes that the motion to seal should be denied.

It is **ORDERED** that the motion to file settlement agreements under seal, (Doc. 28), is **DENIED** and the joint motion to approve the settlement agreements, (Doc. 30), is **DENIED** without prejudice. If the parties wish to proceed with the settlement, a new motion may be filed which makes its terms available on the public record. *See Bryant*, 2012 WL 2827348, at *3.

This the 14th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The parties do cite *Boone*, 79 F. Supp. 2d at 609, and *Tabor*, 2010 WL 2509907, at *2, for the proposition that "unsealing the terms of the settlement agreements may chill the efforts of future litigants to settle." *Boone*, 79 F. Supp. 2d at 609. This is an accurate quotation, but the courts in both *Boone* and *Tabor* found that interest was insufficient to justify sealing FLSA settlement agreements. Indeed, this Court has cited *Boone* and *Tabor* in support of its decision not to allow settlement agreements to be filed under seal in another FLSA case. *Browne*, 2011 WL 5119263, at *1-*2.