IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID O. OWINO, KENDRA L. BURDEAU, KEVIN KAI JUNG CHAN, ANGELINE D. SERUSHYANA-BETTIS, and OLAKUNLE A. LAWRENCE, individually, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> and <br><br> EXPERIS US, INC., *as joint employers* <br><br> Defendants. | Case No.: 1:12-cv-1041 |

_____

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF THE JOINT AMENDED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS**
_____

## INTRODUCTION

The Parties are pleased to report that they have negotiated a settlement of this lawsuit asserting claims for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq* (the "FLSA"). The Plaintiffs and Experis jointly and respectfully seek this Court's approval of their negotiated settlement agreements and dismissal of this case with prejudice.[1]

---

[1] IBM does not oppose the relief sought.

1

# GOVERNING LEGAL STANDARD

Courts have held that settlements of FLSA actions such as this one require court approval. *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982). Approval should be granted when (1) the FLSA settlement is reached as a result of contested litigation; (2) a *bona fide* dispute exists between the parties; and (3) the settlement is fair and reasonable. *Lynn Food Stores*, 679 F.2d at 1355. The Parties' negotiated settlement here meets all three requirements.

# ANALYSIS

### A. The Parties' Negotiated Settlement Was Reached After Contested Litigation

The Parties obviously meet this requirement. *Lynn Food Stores, Inc.,* 679 F.2d at 1354 (a suit is "contested" when it is brought by an employee against a former employer).

### B. A *Bona Fide* Dispute Existed Between the Parties

Two main *bona fide* disputes exist between the Plaintiffs and Defendants. First, Plaintiffs assert a "misclassification" claim alleging that they were wrongfully classified as exempt from overtime pay in their positions as Immigration Case Managers. Defendants deny that Plaintiffs were misclassified, and defended this claim largely on the basis that they exercised independent judgment and discretion as Immigration Case Managers. There was therefore a *bona fide* dispute between the Parties about Plaintiffs' job duties and responsibilities and, thus, Defendants' liability.

Second, there was a *bona fide* dispute about the number of overtime hours Plaintiffs allegedly worked. Plaintiffs alleged that they worked significant amounts of

overtime hours, which Defendants disputed. Thus, even if Plaintiffs had prevailed on liability, there was a significant and substantial *bona fide* dispute about Plaintiff's alleged damages.

### C. The Settlement Is Fair And Reasonable

Courts consider an FLSA settlement fair and reasonable when the parties are represented by counsel, the attorneys engage in arm's length negations in the context of litigation, and the parties reasonably compromise in the settlement. *Lynn Food Stores, Inc.,* 679 F.2d at 1354. As with all other cases, public policy favors the voluntary settlement of FLSA cases. *Id*. ("we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation"); *In re Dollar Gen. Stores FLSA Litig.*, No. 5:09-MD-15, 2011 U.S. Dist. LEXIS 98162, at *9 (E.D.N.C. Aug. 22, 2011) (internal citations omitted) ("[t]here is a presumption in favor of approving a settlement as fair").

The settlement here easily meets this standard. Counsel for the parties agreed to participate in a private mediation, and exchanged settlement demands and offers before the mediation. The parties mediated on April 24, 2013 with Kenneth Carlson of Constangy, Brooks & Smith, LLP, an experienced and respected mediator who is part of this Court's approved mediator list. The mediation lasted more than ten hours. During mediation, all parties substantially compromised from their initial settlement positions. Counsel have agreed upon all monetary and non-monetary settlement terms, as demonstrated by the written settlement agreements attached as Exhibit A.

3

Case 1:12-cv-01041-CCE-JLW   Document 34   Filed 06/18/13   Page 3 of 7

In short, the negotiated settlement reflects the risks each party would have borne at trial – though each party believed it would prevail, neither party was assured a victory and, thus, a reasonable compromise required both parties to substantially compromise. *Patterson v. Richmond Sch. of Health and Tech., Inc.*, No. 3:10-CV-368, 2010 U.S. Dist. LEXIS 124965, at *1 (E.D. Va. 4 Nov. 2010) ("[W]hen a proposed settlement reflects a reasonable compromise over bona fide disputes, then court approval promotes the policy of encouraging settlement while protecting an employee's rights under FLSA.").

## **CONCLUSION**

For all the reasons explained above, the Plaintiffs and Experis respectfully request that this Court approve their negotiated settlement and dismiss this case with prejudice. The Stipulation of Dismissal is attached to this brief as Exhibit B.

Respectfully submitted this 18th day of June, 2013.

| | |
|---|---|
| **DAVID O. OWINO, KENDRA L. BURDEAU, KEVIN KAI JUNG CHAN, ANGELINE D. SERUSHYANA-BETTIS, and OLAKUNLE A. LAWRENCE** | **EXPERIS US, INC.** |
| /s/ Yolanda W. Brock<br>One of Their Attorneys | /s/ Brian E. Spang<br>One of its Attorneys |
| | Aaron J. Longo, N.C. Bar No. 33462<br>McGuireWoods LLP<br>201 N. Tryon St., Suite 3000<br>Charlotte, North Carolina 28202<br>Phone: (704) 373-8958<br>Fax:    (704) 353-6169<br>alongo@mcguirewoods.com |
| | Brian E. Spang<br>*(Special Appearance Filed)* |

Illinois Bar No. 6243937  
McGuireWoodsLLP  
77 West Wacker Drive, Suite 4100  
Chicago, IL 60601  
Phone: (312) 849-8100  
Fax: (312) 849-3690  
bspang@mcguirewoods.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID O. OWINO, KENDRA L. BURDEAU, KEVIN KAI JUNG CHAN, ANGELINE D. SERUSHYANA-BETTIS, and OLAKUNLE A. LAWRENCE, individually, | ) ) ) ) ) ) | Case No.: 1:12-cv-1041-UA-JEP |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| and | ) ) | |
| EXPERIS US, INC., *as joint employers* | ) ) | |
| Defendants. | | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2013 a true and correct copy of the foregoing *Amended Memorandum of Law in Support of the Joint Amended Motion for Approval Settlement Agreements* was served electronically via the ECF system upon the following counsel:

>Yolanda W. Brock, Esq.
>The Law Offices of Java O. Warren
>4919 Albemarle Rd., Ste. 106
>Charlotte, NC 28205

E-mail: ybrock@lawofficesofjavaowarren.com

Kevin Scott Joyner
Ogletree Deakins Nash Smoak & Stewart, P.C.
P.O. Box 31608
Raleigh, NC 27622
Email: kevin.joyner@ogletreedeakins.com

Matthew W. Lampe
Jones Day
222 E. 41st St.
New York, NY 10017
Email: mwlampe@jonesday.com

Kristina A. Yost
Jones Day
222 E. 41st St.
New York, NY 10017
Email: kyost@jonesday.com

Java O. Warren
The Law Office of Java O. Warren
4919 Albermarle Rd., Suite 106
Charlotte, NC 28205
Email: warr2131@bellsouth.net

By: /s/ Brian E. Spang
    Brian E. Spang
    (*Special Appearance Filed*)
    Illinois Bar No. 6243937
    bspang@mcguirewoods.com
    MCGUIREWOODS LLP
    77 W. Wacker Drive, Ste. 4100
    Chicago, IL 60601-1818
    Telephone: (312) 750-3532
    Facsimile: (312) 698-4562

7

Case 1:12-cv-01041-CCE-JLW   Document 34   Filed 06/18/13   Page 7 of 7